## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| THOMAS J. RILEY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 11-CV-2196 |
| ) | |
| CHAD KOLITWENZEW, ) | |
| ) | |
| Defendant. ) | |

## OPINION

Plaintiff, Thomas J. Riley, has filed another Motion for Reconsideration (#53) of the court's order denying the recruitment of counsel to handle his case. In his motion, Plaintiff notes that he has unsuccessfully solicited various law offices for representation. Plaintiff states that, without representation, he will not be able to: (1) obtain further evidence by taking depositions of Defendant, medical and security staff, as well outside witnesses; (2) find further evidence to reinstate certain defendants in an amended claim; and (3) file any pretrial motions based on the depositions.

Under 28 U.S.C. § 1915(e)(1) "[t]he court may request an attorney represent any person unable to afford counsel" in federal civil litigation. An indigent civil litigant may ask the district court to make such a request even though there is no constitutional or statutory right to court-appointed counsel in federal civil suits. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). The decision of whether to recruit pro bono counsel is left to the discretion of the district court. *Pruitt*, 503 F.3d at 654. As a threshold question, the district court must inquire as to whether "the indigent plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing

so[.]" *Pruitt*, 503 F.3d at 654-55. In the instant case, Plaintiff has made such a showing.

The next question for the court is

> "whether the plaintiff appears competent to *litigate* his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings and trial." *Pruitt*, 503 F.3d at 655 (emphasis in original).

The Seventh Circuit has expounded on what a plaintiff's competence to litigate his case means:

> "There are no fixed requirements for determining a plaintiff's competence to litigate his own case; the judge will normally take into consideration the plaintiff's literacy, communication skills, educational level, and litigation experience. To the extent there is any evidence in the record bearing on the plaintiff's intellectual capacity and psychological history, this too, would be relevant. To inform the decision, the judge should review any information submitted in support of the request for counsel, as well as the pleadings, communications form, and any contact with the plaintiff." *Pruitt*, 503 F.3d at 655.

The Seventh Circuit has not laid down "hard and fast rules for evaluating the factual and difficulty of" a plaintiff's claim, and "the inquiry into plaintiff competence and case difficulty is particularized to the person and case before the court." *Pruitt*, 503 F.3d at 655-56.

In the instant case, the court has had the opportunity to carefully review the filings made by Plaintiff and to speak at length with Plaintiff on the telephone in various court hearings. When speaking on the telephone with Plaintiff, the court has found him to be knowledgeable, reasonable,

and capable of understanding the nature of his allegations. Plaintiff has engaged in intelligent discussion of the factual and legal matters of his case with the court on the telephone.

The same is true of Plaintiff's filings with the court. In his Complaint (#43), Plaintiff very clearly laid out the factual allegations of his claim and the relief he was requesting. Further, Plaintiff's filings demonstrate the ability to keep current with the case and understand court proceedings. Before a scheduled court date on September 7, 2011, Plaintiff filed a letter (#10) with the court requesting a copy of his complaint because he did not have access to his own copy in the correctional facility. In a request to proceed in forma pauperis, Plaintiff provided his own hand written motion and ledger sheet (#15), alerting the court that "I have ask[ed] jail officials for a copy of my account. I have not received one for the past 2 months since my last motion file[d] for appointment of counsel." Plaintiff has shown that he understands how the case is proceeding and what motions to file, and how to file them, to advance his case.

Similarly, Plaintiff's motions requesting counsel, although denied by this court, have been well written and demonstrated a clear understanding of the issues involved. In his latest motion, Plaintiff has asked for assistance to help him with legal functions, such as taking depositions and filing motions. The remaining issue in this case is relatively simple: was Defendant assistant chief Kolitwenzew aware of Plaintiff's plight and did Defendant do nothing to alleviate the pain and, if so, why? There is nothing in Plaintiff's motion evidencing that the case is too complex or beyond his understanding. Rather, the request is more in line with needing help for the normal functions of participating in litigation. However, as noted, Plaintiff has already demonstrated an ability to competently file motions and participate in the litigation.

Certainly the appointment of counsel might make Plaintiff more *effective* in presenting his

case, but the same would be true of every single pro se litigant in the federal system. Further, "[t]he Supreme Court has [] made it clear that a prisoner's right of access to the courts does not guarantee the *effective* presentation of his civil claims." *Pruitt*, 503 F.3d 657 (emphasis in original). The right of access to the courts protects prisoners from being shut out of the court, but it does not exist to enable the prisoner to litigate effectively once in court, because to expand the right of access to guarantee prisoners a right to litigate effectively would essentially demand a permanent provision of counsel, which the Supreme Court does not believe the United States Constitution requires. *Pruitt*, 503 F.3d at 657, citing *Christopher v. Harbury*, 536 U.S. 403, 413 (2002), and *Lewis v. Casey*, 518 U.S. 343, 354 (1996). Rather, the question is one of competency to litigate, and Plaintiff's request does not speak to his competence in litigating the case himself.

Based on Plaintiff's prior filings in this case, and the court's numerous interactions with Plaintiff, the court finds Plaintiff is competent to litigate his own claims. See *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 867 (7th Cir. 2013) ("We do not see any need for a remand in this case, however. Ray has demonstrated an ability litigate his case to the degree contemplated in *Pruitt*. He was able to compel discovery, and he submitted legal memoranda and affidavits. He asked for the appointment of a medical expert under Fed. R. Evid. 706(a); the district judge said no, and Ray does not contest that decision. A lawyer would have encountered the same obstacle."). Plaintiff's Motion for Reconsideration (#53) of the court's order denying the recruitment of counsel is DENIED.

IT IS THEREFORE ORDERED:

Plaintiff's Motion for Reconsideration (#53) of the court's order denying the recruitment of counsel is DENIED.

ENTERED this 6th day of September, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE